UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELLISA VAZQUEZ, individually and as successor in interest to Jacob Johnston,<br><br>Plaintiff,<br><br>v.<br><br>BAKERSFIELD POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00089-KES-CDB<br><br>ORDER ON STIPULATION TO DISMISS PLAINTIFF'S INDIVIDUAL CLAIMS AND STRIKE CERTAIN REQUESTED RELIEF<br><br>(Doc. 7)<br><br>**SEVEN-DAY AND TEN-DAY DEADLINES** |

On January 21, 2025, Plaintiff Mellisa Vazquez, individually and as successor in interest to decedent Jacob Johnston, initiated this action with the filing of a complaint against Defendants Bakersfield Police Department, City of Bakersfield, and Officer Jay Moore. (Doc. 1). Pending before the Court is the parties' stipulated request to dismiss Plaintiff Vazquez's individual claims and strike certain categories of requested relief. (Doc. 7).

The parties stipulate that Plaintiff Vazquez has no standing to bring claims in her individual capacity and those claims should, thus, be dismissed. The parties further stipulate that Plaintiff's prayer for damages for "present and future medical expenses" and "present[] and future loss of income and/or earning capacity" (Doc. 1 at 18) are not recoverable and should be stricken from the complaint. The parties agree that Plaintiff will file an affidavit, pursuant to California Code of Civil Procedure § 377.32, within five days of issuance of this order, and

1  Defendants shall have 14 days from issuance of this order to file their answer to Plaintiff's
2  complaint. (*See* Doc. 7).

3  Withdrawals of individual claims against a given defendant are governed by Federal Rule
4  of Civil Procedure 15, which addresses amendment of pleadings. *See Hells Canyon Pres.*
5  *Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005). Consistent with this principle,
6  the Court construes the parties' stipulation to dismiss Plaintiff's individual capacity claims as an
7  unopposed request for leave to amend the complaint under Rule 15. *See id.* at 689. Therefore,
8  the Court will direct Plaintiff to file an amended complaint. Any such amended complaint shall
9  amend the claims and requested damages only to the extent agreed to by the parties' in their
10 stipulation.

11 Based on the parties' stipulated representations, the Court also will direct Plaintiff to file
12 an affidavit pursuant to California Code of Civil Procedure § 377.32. *See Anderson v. Hickman*,
13 No. CIV. S-07-1466 LKK DAD, 2008 WL 2397470, at *1 (E.D. Cal. June 11, 2008) (finding
14 that, even if submission of such an affidavit may be a state law procedure, its content is
15 substantive and the state's requirement for such suggests existence of substantive state law rule,
16 thus "most federal courts to have confronted the issue have found that plaintiffs must satisfy the
17 procedural requirements of section 377.32").

18 **Conclusion and Order**

19 Accordingly, IT IS HEREBY ORDERED that:

20  1. Plaintiff shall file any first amended complaint **within seven (7) days** of issuance of
21     this order, amending the claims and requested damages only to the extent agreed to
22     by the parties' in their stipulation (Doc. 7);
23  2. Plaintiff shall file an affidavit, pursuant to California Code of Civil Procedure §
24     377.32, **within ten (10) days** of issuance of this order; and
25 ///
26 ///
27 ///
28

2

3. Defendants shall have 14 days from filing of Plaintiff's first amended complaint to file their responsive pleading. *See* Fed. R. Civ. P. 15(a)(3).

IT IS SO ORDERED.

Dated: **April 18, 2025**

UNITED STATES MAGISTRATE JUDGE

3